IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

U.S. BANK NATIONAL ASSOCIATION,

 Plaintiff,

v.

LEHMAN HYUNDAI SUBARU, INC.,

 Defendant

_____/

**COMPLAINT**

 **COMES NOW** Plaintiff, U.S. Bank National Association ("U.S. Bank"), and for its Complaint against Defendant Lehman Hyundai Subaru, Inc., states as follows:

**PARTIES, JURISDICTION, AND VENUE**

 1. U.S. Bank is a national association organized under the laws of the United States and having its main office, as designated in its Articles of Association, at 425 Walnut Street, Cincinnati, Ohio 45202.

 2. Defendant Lehman Hyundai Subaru, Inc. ("Lehman"), is a Florida corporation located at 21400 NW 2nd Avenue, Miami, Florida, 33169.

 3. This Court has personal jurisdiction over Lehman, a corporation operating in Miami, Florida.

 4. This Court has original jurisdiction over this action according to 28 U.S.C. § 1332, as the parties are diverse and, as discussed herein, the amount in controversy is at least $75,000.00.

5. Venue is proper in this judicial district according to 28 U.S.C. § 1391 because this is the judicial district in which Lehman resides and in which the acts and omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

### A. The Dealer Agreement.

6. On May 1, 2017, U.S. Bank and Lehman entered into an Indirect, Lease and Direct Loan Dealer Agreement (the "Dealer Agreement") whereby Lehman agreed to assign contracts to U.S. Bank, including certain retail installment sales contracts entered into between individual consumers and Lehman. A true and correct copy of the Dealer Agreement is attached hereto as **Exhibit "A"** and is incorporated by reference.

7. Under the Dealer Agreement, Lehman made representations and warranties as to each contract originated and subsequently assigned to U.S. Bank, including but not limited to the following under Paragraph 7:

> A. Dealer has caused title to the Contract (if a Retail or Lease Contract) and the Vehicle to be conveyed to U.S. Bank, free in either instance of any lien or encumbrance or claim or defense by the Consumer.
>
> B. The Contract has been duly authorized and executed by the Customer, constitutes the Customer's valid and binding agreement and has been duly executed by Dealer (if a Retail or Lease Contract) and the Customer at Dealer's premises.
>
> D. The statements in the Contract and in any other instrument executed in connection therewith are true and correct.
>
> F. The names and signatures on the Contract and any other instrument executed in connection therewith are not forged, fictitious or assumed and are true and correct to the best of Dealer's knowledge after due inquiry.
>
> L. The Customer has and shall have no defense, offset, or counterclaim as to the enforcement of the Contract arising out of the conduct of Dealer, its agents, or employees.

Exhibit A, §§ 7.A, 7.B, 7.D, 7.F, and 7.L.

8. Under Section 8.A of the Dealer Agreement, Lehman agreed that if any of these representations and warranties with respect to any contract were breached or untrue, or were alleged to be breached or untrue, or if Lehman failed to perform any of its obligations to U.S. Bank under the Dealer Agreement, Lehman would be obligated to pay one or more of the following amounts:

> 1. all amounts due and owing under the Contract, including all unpaid principal, accrued and unpaid interest, and all other amounts due and payable pursuant to the Contract, together with any amounts paid to Dealer in connection with such Contract; and/or
>
> 2. all losses and expenses incurred by U.S. Bank as a result of such breach, untruth or failure to perform, including attorneys' fees and costs; sales, use, or other taxes; and expenses with respect to repossessing, storing, repairing and selling the Vehicle.

Exhibit A, § 8.A.

### B. The Ferrarini Transaction.

9. On or about July 17, 2020, Lehman originated a retail installment sale contract ("Subject Contract") with a fraudster impersonating Teresa Ferrarini to finance the purchase of a 2020 Genesis G90, VIN KMTF34PA4LU090652 (the "Vehicle"). A true and correct copy of the Subject Contract is attached hereto as **Exhibit "B"**.

10. Immediately following the execution of the Subject Contract, Lehman assigned its rights to the Subject Contract to U.S. Bank pursuant to the terms of the Dealer Agreement. *See* Ex. B.

11. In the months following the assignment of the Subject Contract to U.S. Bank, U.S. Bank was contacted by representatives of Teresa Ferrarini, including her daughter and power of attorney, Carla Teresa Queen. U.S. Bank was notified that the Subject Contract was fraudulent and that Ms. Ferrarini did not receive a vehicle from Lehman and did not execute or approve the Subject Contract.

12. Queen confirmed that the signature on the face of the Subject Contract was forged. Queen executed a fraud affidavit and filed a police report regarding the incident.

13. U.S. Bank has determined that a fraudster impersonating Teresa Ferrarini obtained the Vehicle using Ferrarini's name and demographic information.

14. Upon discovering the fraud, U.S. Bank contacted Lehman to inquire about the facts of the execution of the Subject Contract.

15. Lehman responded to inquiries from U.S. Bank and indicated that, in contravention of the Dealer Agreement, Ferrarini had never appeared in person at the dealership and that a dealership employee delivered the Vehicle to a private residence.

16. U.S. Bank has suffered damages by being unable to recover the funds paid to Lehman for the fraudster's acquisition of the Vehicle.

17. By permitting a fraudster to purchase the Vehicle in the name of Teresa Ferrarini, Lehman has violated, *inter alia*, Sections 7.A, 7.B, 7.D, and 7.F and 7.L of the Dealer Agreement, triggering Lehman's obligation to pay damages under Section 8.A of the Dealer Agreement.

18. U.S. Bank has made demands upon Lehman, including by letter dated April 20, 2021.

19. To date, Lehman has failed to pay damages as it is required to by the terms of the Dealer Agreement.

## COUNT I - BREACH OF CONTRACT

20. U.S. Bank adopts and incorporates paragraphs 6 through 19 as if fully set forth herein.

21. U.S. Bank and Lehman have a binding contract in the form of the Dealer Agreement.

22.     By entering into the Dealer Agreement with U.S. Bank, Lehman was obligated to comply with the terms of the Dealer Agreement, including but not limited to the terms listed in Sections 7.B, 7.D, and 7.F.

23.     U.S. Bank complied with its contractual obligations under the Dealer Agreement by providing funding to Lehman for the Subject Contract.

24.     Lehman has materially breached Sections 7.A and 7.B of the Dealer Agreement by permitting a fraudster to purchase the Vehicle, representing that Teresa Ferrarini had made the purchase and by failing to require that the contractual documents, including the Subject Contract, be completed on Lehman's premises.

25.     Lehman further materially breached Sections 7.D and 7.F of the Dealer Agreement by representing that the statements in the Subject Contract were correct and by representing that the names and signatures on the Subject Contract were not forged and were true after due inquiry.

26.     Lehman further materially breached Section 7.L by executing a fraudulent contract that permitted Ferrarini to have a defense to any claim arising out of the Subject Contract.

27.     Additionally, U.S. Bank hereby makes the good faith allegation that Lehman breached the Dealer Agreement based on the multiple alleged breaches asserted herein.

28.     Specifically, U.S. Bank's investigation into this purchase revealed that Ferrarini did not purchase the Vehicle from Lehman, that she never visited Lehman's physical premises, and that the Subject Contract was entered into by a fraudster who stole Ferrarini's identity. By permitting someone to purchase the Vehicle in Ferrarini's name and representing that Ferrarini made the purchase, Lehman violated, *inter alia*, Sections 7.A, 7.B, 7.D, 7.F and 7.L of the Dealer Agreement.

29. Based on these alleged breaches of the Dealer Agreement, on April 20, 2021, U.S. Bank made demand that Lehman pay damages as set forth by the Subject Contract under Section 8 of the Dealer Agreement.

30. As of the filing of this Complaint, Lehman has failed to pay damages pursuant to the Subject Contract.

31. As a direct and proximate result of Lehman's breach and allegation of breach of the Dealer Agreement, U.S. Bank has suffered damages in excess of $80,000.00, as U.S. Bank has been unable to recover the funds paid to Lehman for the Subject Contract.

## PRAYER FOR RELIEF

**WHEREFORE**, U.S. Bank requests that judgment be entered against Lehman on all causes of action and that U.S. Bank be awarded compensatory damages, interest, attorney's fees and costs pursuant to the Dealer Agreement and any other and further relief as this Court deems just and appropriate.

DATED: October 13, 2021.

Respectfully submitted,

*/s/ Sara L. Solano*
**Sara L. Solano, Esq. (FL Bar No. 117966)**
BURR & FORMAN LLP
350 E. Las Olas Boulevard, Suite 1440
Fort Lauderdale, FL 33301
Telephone: (954) 414-6200
Facsimile: (954) 414-6201
Email: ssolano@burr.com
Email: rzamora@burr.com
Email: flservice@burr.com

Zachary D. Miller, Esq. (FL Bar No. 95669)
BURR & FORMAN LLP
222 Second Avenue South, Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3256

Facsimile: (615) 724-3356
Email: zmiller@burr.com
Email: agosnell@burr.com
Email: mmayes@burr.com

Sarah R. Craig, Esq. (FL Bar No. 993599)
BURR & FORMAN, LLP
One Tampa City Center
201 North Franklin Street, Ste. 3200
Tampa, Florida 33602
Telephone: (813)367-5766
Facsimile: (813)221-7335
Email: scraig@burr.com

*Counsels for Plaintiff*
U.S. BANK NATIONAL ASSOCIATION